IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DION HALASKA,

    Defendant.                                             No. 07-CR-40049-DRH-1

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### INTRODUCTION

On January 15, 2016, defendant filed a *pro se* motion seeking a reduction in his sentence based upon Amendment 782 and the retroactive drug quantity guidelines (Doc. 227). Also pending is a third *pro se* motion to reduce sentence (Doc. 245).[1] Based on the record and the following, the Court **DENIES** the defendant's motions to reduce sentence.

### PROCEDURAL BACKGROUND

The Court directed the matter be referred to the Office of the Federal Public Defender (Doc. 229). Thereafter, defendant filed a second *pro se* motion seeking a reduction in his sentence (Doc. 237). Defendant's second motion attached a letter from the federal public defender indicating that it appears the defendant is not eligible for relief. The government responded arguing the defendant is not eligible for relief and asked the Court to proceed with ruling on the pending motions to

---

[1] A second *pro se* motion to reduce sentence was previously stricken by the Court (Doc. 240).

reduce (Doc. 238). On August 15, 2016, the defendant replied to the government's response (Doc. 239).

Thereafter, the Court struck the defendant's second *pro se* motion and all pleadings related thereto (Doc. 240, 241). The Court explained the defendant was represented by counsel and the Court could not accept any *pro se* pleadings from parties represented by counsel (Doc. 240). The Court directed the defendant's attorney to respond to the government's pleading at Doc. 238 only to the extent that it related to the pending motion to reduce sentence at Doc. 227 (Doc. 241). That same day, defendant's attorney filed a motion to withdraw indicating defendant wished to proceed *pro se* (Doc. 242). The Court granted the motion to withdraw and allowed the defendant until September 16, 2016, to file any additional briefing related to his motion to reduce (Doc. 243). The defendant filed additional briefing on September 6, 2016 (Doc. 244 Reply to Response and Doc. 245 Third *Pro Se* Motion to Reduce Sentence).

## ANALYSIS

On January 8, 2009, defendant pled guilty to Count I of the indictment – conspiracy to manufacture, possess with intent to distribute and distribute methamphetamine. Based on the defendant's total offense level of 35 and a criminal history category of III, the defendant's guideline range was 210-262 months in prison (Doc 153 p. 2). The Court imposed a sentence of 159 months in prison. *Id.* at 3. The downward departure was not due to cooperation. Rather, the downward departure was a variance based on mitigating post offense conduct. *Id.*

Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive as of November 1, 2015. See U.S.S.G. § 1B1.10(d) & (e)(1) (2014). Defendant asks the Court to apply these changes to lower his sentence.

Amendment 782 lowered defendant's total offense level from the original 35 to 33. Consequently, defendant's guideline sentencing range after Amendment 782 would be 168-210 months, lower than his original sentencing range of 210-262 months. However, the United States Sentencing Commission has imposed restrictions on a court's ability to retroactively reduce a sentence, and courts must abide by them. In particular, courts must follow applicable Policy Statements of the Sentencing Commission when giving effect to retroactive changes to the Guidelines. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 821, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) ("Any reduction [based on a retroactive change to the Guidelines] must be consistent with applicable policy statements issued by the Sentencing Commission.").

Relevant here is the Sentencing Commission's decree that, unless the defendant received a substantial assistance departure, a court may not reduce a defendant's sentence to a term less than the low end of the amended Guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A). In the instant case, reducing defendant's current 159-month sentence would be inconsistent with this policy.

Thus, defendant is not eligible for a reduction.

## CONCLUSION

The Court **DENIES** defendant's *Pro Se* Motions to reduce sentence.

**FURTHER,** the Court **DIRECTS** the Clerk of Court to send a copy of this order to defendant.

**IT IS SO ORDERED.**

Signed this 11th day of September, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.09.11 22:19:18 -05'00'

**United States District Judge**